IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES REMBERT, | ) | CASE NO. 1:22-CV-01879-JPC |
| Plaintiff, | ) | |
| | ) | JUDGE J. PHILIP CALABRESE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| OMCO HOLDINGS, INC., | ) | |
| Defendant, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |

**I.     INTRODUCTION**

Plaintiff James Rembert ("Plaintiff") filed a Motion for Leave to File First Amended Complaint, Instanter ("Motion to Amend") (ECF Doc. 13). Defendant OMCO Holdings, Inc. ("Defendant") filed a response in opposition to Plaintiff's Motion to Amend. (ECF Doc. 15). For the reasons stated below, the Court GRANTS Plaintiff's Motion to Amend (ECF Doc. 13). Defendant has not shown that considerations of futility or prejudice justify denying Plaintiff's Motion to Amend under Rule 15's liberal policy of permitting amendments. Defendant shall answer or otherwise respond to the amended complaint as directed in Rule 15(a)(3) of the Federal Rules of Civil Procedure.

**II.     BACKGROUND**

This is an employment discrimination case. On February 16, 2023, the parties filed a joint Rule 26(f) Report of the Parties. (ECF Doc. 9). In the Rule 26(f) Report, the parties noted that they had discussed Plaintiff's intention to "move to substitute Defendant OMCO Holdings Inc. for new

1

party Defendant The Ohio Moulding Corporation based on the representations of defense counsel that OMCO Holdings Inc. has no employees." (*See id.* at 7). In the joint status report, Defendant also reserved "the right to argue that Plaintiff was employed by a staffing agency, and not The Ohio Moulding Corporation." (*Id.*).

On February 21, 2023, Plaintiff filed his first Motion for Leave to File a First Amended Complaint. (ECF Doc. 11). In this motion, Plaintiff only sought to change the named Defendant from OMCO Holdings, Inc. to The Ohio Moulding Corporation; he did not seek to add any additional parties or claims. (*See id.*).

This Court held a telephonic case management conference with the parties on February 23, 2023, and subsequently entered a case management order setting forth the case management deadlines. Specifically, for purposes of resolving the pending Motion to Amend, the Court set a cut-off date to amend pleadings and additional parties of March 24, 2023. (*See* ECF non-document entry dated 2/23/2023). That same day, Plaintiff filed a Notice of Withdrawal regarding his first motion for leave to amend. (ECF Doc. 12). Given Plaintiff's Notice of Withdrawal, the Court denied his first motion for leave to amend as moot. (ECF non-document entry dated 3/2/2023).

On March 10, 2023 – two weeks before the cut-off date – Plaintiff filed his second motion for leave to amend, seeking to substitute The Ohio Moulding Corporation for the original Defendant, add two additional individual defendants, and assert additional claims under 42 U.S.C. § 1981. (ECF Doc. 13).

**III.    STANDARD OF REVIEW**

Although the Sixth Circuit has not addressed whether a motion to amend is a dispositive or non-dispositive motion, district courts in the Sixth Circuit generally consider an order on a motion to amend to be non-dispositive. *See, e.g.*, *Gentry v. The Tennessee Bd. of Judicial Conduct*,

2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Court have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review…") (citations omitted); *Chinn v. Jenkins*, 2017 WL 1177610 (S.D. Ohio Mar. 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Ins. Co.*, 2014 WL 2177799, at *1-2 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, 2013 WL 5280251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive).

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule follows the principle that a plaintiff's claims should be decided on the merits "rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). Sixth Circuit precedent clearly "manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). Absent "any apparent or declared reason," such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, or futility of the amendment, "the leave should, as the rules require, be 'freely given.'" *Leary*

3

*v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). The determination as to whether justice requires permission to amend the pleading is within the district court's "sound discretion." *Moore*, 790 F.2d at 559 (internal citations omitted); *but see Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (reviewing *de novo* district court's denial of motion for leave to amend because of futility).

## IV. ANALYSIS

Through his Motion to Amend, Plaintiff seeks leave to amend his complaint to: (1) correct the corporate identity of his employer; (2) include facts establishing that he exhausted his administrative remedies; and (3) add two additional claims and defendants based on the same allegations he previously pled. (ECF Doc. 13 at 2). He asserts that nothing in the "Factual Allegations" section of his original complaint is changed by this proposed amendment. (*Id.*).

Defendant argues that this Court should deny Plaintiff's Motion to Amend because his proposed amendments are futile as his factual allegations are insufficient to state a claim under 42 U.S.C. § 1981. (ECF Doc. 15 at 4-6). Specifically, Defendant contends that taking Plaintiff's factual allegations as true, Plaintiff "at best" was an at-will joint employee of The Ohio Moulding Corporation, meaning that he has not sufficiently alleged any contractual relationship between himself and anyone else. (*See id.* at 5). Moreover, Defendant states that Plaintiff's proposed first amended complaint contains "minimal factual allegations" to state any new claims against the new proposed defendants. (*See id.* at 5-6).

Finally, Defendants assert that the Motion to Amend should be denied because it based on dilatory and undue delay. (*Id.* at 6). Namely, Defendant contends that Plaintiff has provided "***no reason***" for why any of his proposed amendments were not raised in his initial complaint or discussed as part of his Rule 26(f) Report and considered in setting discovery and other deadlines

in this matter. (*Id.*) (emphasis in original). Defendant argues that Plaintiff's amendment "obviously" would "greatly expand" the scope and timing of discovery. (*Id.*). Moreover, Defendant states that Plaintiff never provided notice to Defendant that he would seek to add new claims and individual defendants. (*Id.* at 7). Because Defendant has been defending this claim for more than five months and has agreed to case management deadlines "as though this is a single defendant employment discrimination case," Defendant asserts it would be unfair at this stage for Plaintiff to have a "do over" and seek claims against individual defendants on a "specious legal theory" to gain an unfair tactical advantage. (*Id.*). According to Defendant, this would expand and change the defense, timing, and deadlines in this matter, and it would be unfair to Defendant and the proposed new defendants. (*Id.*). Thus, Defendant requests that the Court deny Plaintiff's Motion to Amend. (*Id.*).

The crux of Defendant's opposition is the alleged futility of Plaintiff's proposed amendments. Specifically, Defendant's opposition arguments are based entirely on the merits of Plaintiff's § 1981 claim. A proposed amendment is futile when it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and the Sixth Circuit has made clear that any analysis of the futility of proposed amendments is equivalent to that undertaken in consideration of a Rule 12(b)(6) motion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Courts within the Sixth Circuit, however, have recognized the "conceptual difficulty" when a magistrate judge who has jurisdiction to decide only non-dispositive motions is asked to deny a motion for leave to amend on the basis of futility. *Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011); *Local Spot, Inc. v. Lee*, No. 3:20-cv-00421, 2020 WL 7554214, at *4 (M.D. Tenn. Dec. 14, 2020). In such situations, courts

5

have concluded that "it is usually a sound exercise of discretion to permit the claim to be pleaded to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552, at *4; *Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-118, 2012 WL 5467526, at *4 (S.D. Ohio Nov. 9, 2012); *see also Greenwald v. Holstein*, No. 2:15-cv-2451, 2016 WL 9344297, at *5 (S.D. Ohio Feb. 3, 2016) (same). In light of this procedural roadblock, the Court will permit Plaintiff to amend his Amended Complaint with the understanding that Defendant is free to challenge the claims asserted against them through a motion to dismiss. *See Vanburen,* 2012 WL 5467526, at *4.

Further, Defendant has not established any other reason for denying Plaintiff's Motion to Amend. No undue delay exists because Plaintiff's motion was filed on March 10, 2023, approximately two weeks before the cut-off deadline to amend pleadings and add additional parties. (*See* ECF non-document entry dated 2/23/2023). Moreover, Plaintiff's requested amendment is not in bad faith, nor has he made repeated prior efforts to cure deficiencies.

Similarly, Defendant's arguments regarding undue prejudice resulting from Plaintiff's proposed amendments are not well-taken. The crux of Defendant's undue prejudice argument is that: (1) substituting Defendant with a different business entity and adding two new individual defendants would greatly expand the scope and timing of discovery; (2) Defendant has been defending this claim for more than five months; and (3) Defendant has agreed to case management deadlines "as though this is a single defendant employment discrimination case – not an intentional interference with contractual relations against three defendants, including intentional claims against individual persons." (*See* ECF Doc. 13 at 6-7). These arguments are unconvincing because – while this matter has been pending for five months – Plaintiff correctly notes that Defendant has only filed an answer, participated in a Rule 16 conference, and participated in a case management

conference. No discovery has occurred. And as stated above, Plaintiff filed his Motion to Amend approximately two weeks prior to the cut-off date to amend pleadings and include additional parties.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Amend (ECF Doc. 13).

**IT IS SO ORDERED.**

Dated: April 5, 2023

_s/ Jennifer Dowdell Armstrong_
Jennifer Dowdell Armstrong
United States Magistrate Judge